IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Stan K. Cahill, ) | Civil Action No.: 9:14-2936-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Carolyn W. Colvin, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The plaintiff, Stan K. Cahill ("the plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") under the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On April 30, 2015, the magistrate judge issued a Report and Recommendation in which he determined that the conclusion of the Commissioner that the Plaintiff was not disabled was based on substantial evidence. Accordingly, the magistrate judge recommended affirming the Commissioner's decision. (ECF No. 16 at 18-19.) The plaintiff filed Objections on June 1, 2015 (ECF No. 19), and on June 16, 2015, the Commissioner filed a Reply (ECF No. 21). For the reasons stated below, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Report and Recommendation sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below in relevant part. The plaintiff was 38 years old on the date of his amended alleged disability onset date, due to L-5-5 disc degeneration and bulge, 15-S1 disc protrusion, and root compression, he has a high school education with past relevant work experience as a truck customizer, cemetery worker, rental equipment deliverer, construction worker, meat cutter, and retail sales clerk. (R. at 21, 29, 84-85, 170, 179, 209-10.) The plaintiff's application was denied initially and on reconsideration. (R. at 120-23, 130-36.) A hearing was held before an Administrative Law Judge ("ALJ") who issued an unfavorable decision on December 6, 2012, finding that the plaintiff was not disabled.[1] (R. at 21-30, 36-90.) The Appeals Council denied the plaintiff's request for review (R. at 1-6), making the ALJ's decision the final decision of the Commissioner. The plaintiff subsequently filed an action in this Court on July 23, 2014. (ECF No. 1.)

**REPORT AND RECOMMENDATION**

The magistrate judge recommends affirming the ALJ's decision. (ECF No. 16 at 19.) The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject,

---

[1] Shortly before the hearing, Plaintiff amended his disability onset date to November 4, 2010. (R. at 40, 207).

2

or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## **STANDARD OF REVIEW**

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)).

The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## **DISCUSSION**

The plaintiff filed objections to the Report and Recommendation ("Objections") on June 1, 2015 (ECF No. 19), and the Commissioner filed a reply on June 16, 2015 (ECF No. 21). The plaintiff objects to the magistrate judge's recommendation concerning the ALJ's alleged (1) failure to consider the specialization of the plaintiff's treating physician, Dr. Michael Reing; (2) belief that Dr. Reing was biased in favor of the plaintiff; and (3) error in crediting the opinions of non-examining, non-specialist medical sources over the opinion of a treating source specialist.[2]

---

[2] As always, the Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

As is typical, Plaintiff's Counsel has done an exceedingly thorough job in responding to the recommendation of the magistrate judge. But, the point-by-point methodology, employed, amounts mostly to a renewal of arguments already raised and rejected. Between any particular decision of the ALJ and recommendation of the magistrate judge, from case to case, there are innumerable opportunities for points of disagreement and colorable criticism. But, the Court need not consider, as a specific objection, numerous things that have been essentially and appropriately considered but rejected by the magistrate judge; it is duplicative to do otherwise and inconsistent with the intended process. *See Hendrix v. Colvin*, 2013 WL 2407126, at *4 (D.S.C. June 3, 2013); *see also Jackson v. Astrue*, 2011 WL 1883026 (W.D.N.C. May 17, 2011); *Aldrich v. Bock*, 327 F. Supp.2d 743, 747 (E.D. Mich. 2004). Accordingly, the district court must "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's Note).

And, so, the Court would make the following brief observations in affirmation. At length, the magistrate judge recognized that Dr. Reing's opinion was inconsistent with his *own* records. (R. at 14-16.) So any objections of the plaintiff concerning Dr. Reing's specialization as an orthopedic surgeon or whether, as a result, that opinion should have been favored over the opinions of non-examining, non-specialist sources begins to fall away because there are significant independent and internal bases for the ALJ's decision to reduce the weight afforded, as a specialist or not. That is not to say that the undersigned disagrees with the well reasoned conclusion that Dr. Reing's opinion was also properly considered inconsistent with other substantial evidence of record. (R&R at 14-16.) For

instance, the ALJ and magistrate judge found substantial evidence in the form of the plaintiff's own testimony, apparently inconsistent with Dr. Reing's opinion. *See id.* The Court does not mean to treat each of the ALJ's cited grounds with any real specificity (because the magistrate judge has already done so) but simply to emphasize that, in addition to being reassertions of arguments already made, the sum of the plaintiff's many reasonable objections does not have the effect of undermining the main point of the magistrate judge – that numerous grounds, supported by substantial evidence, were provided for giving Dr. Reing's opinion little weight. (R. at 26-28.) And, the magistrate judge has rightly not disturbed it. Lastly, the undersigned agrees with the magistrate judge's consideration of the objective evidence related to Dr. Reing's opinion and the magistrate judge's consideration of any view the ALJ may have entertained concerning doctor bias. (R&R 16-17; R at 28.) Neither justify remand.

## **CONCLUSION**

The Court has carefully reviewed the record, including the findings of the ALJ, the plaintiff's objections to the Report and Recommendation, and the defendant's reply. The Court concurs in the recommendation of the magistrate judge and thus adopts the Report and Recommendation and incorporates it herein by reference to the extent it is consistent with this order. The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

                                                /s/Bruce Howe Hendricks
                                              United States District Judge

September 28, 2015
Greenville, South Carolina